JUSTIN M. HEILIG
HILL RIVKINS LLP
45 Broadway, Suite 2110
New York, NY 10006
Tel: (212) 669-0600
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | Civil Action No. 24-cv-6238 |
| Plaintiff, | |
| - against - | **COMPLAINT** |
| MSC MEDITERRANEAN SHIPPING COMPANY S.A., | |
| Defendant. | |

Plaintiff Travelers Property Casualty Company of America ("Travelers"), by and through its attorneys Hill Rivkins LLP, as and for its Complaint against Defendant MSC Mediterranean Shipping Company S.A. ("MSC"), alleges upon information and belief as follows:

1. This subrogation action arises from loss or damage to certain cargoes of misting diffuser sets, portable fragrance cotton pads, and gift boxes (the "Cargoes") transported by ocean carriage from Asia to the United States.

2. This action is comprised of admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333.

1

3. The United States District Court for the Southern District of New York is the proper venue for this action by virtue of one or more forum-selection clauses contained in the operative bills of lading, sea waybills, terms and conditions of service, and/or contracts of carriage for the shipment at issue. Defendant MSC has consented to the personal jurisdiction of this Honorable Court by virtue of the same forum-selection clause.

4. At all times relevant hereto, Plaintiff Travelers was and now is a business entity organized and existing under Connecticut law, with an office and place of business at One Tower Square, Hartford, CT 06183.

5. At all times relevant hereto, Nest Fragrances, LLC ("Nest") was and now is a business entity organized and existing under Delaware law, with an office and place of business at 477 Madison Avenue, 24th Floor, New York, NY 10022.

6. At all times relevant hereto, Nest was the consignee, buyer, and/or owner of the Cargoes, as well as an assured under a policy of marine cargo insurance, no. ZOC-16P50526 (the "Policy"), issued by Plaintiff Travelers.

7. At all times relevant hereto, Defendant MSC was and now is a corporation or other business entity organized and existing by virtue of foreign law, with an office and place of business at 420 5th Avenue, New York, NY 10018.

8. At all times relevant hereto, Defendant MSC was and now is engaged in business as a common carrier of goods for hire, issuing bills of lading and/or sea waybills for the common carriage of goods aboard certain ocean-going vessels.

9. In or about May 2023, the Cargoes were tendered to Defendant MSC (and/or its agents, servants, and/or subcontractors) in good order and condition, suitable in every aspect for the intended transmission, which MSC received, accepted, and agreed to transport, for certain consideration and payment of freight charges, from Dan Chan Bay (Shenzhen), China to Boston, Massachusetts in shipping container no. MSDU8697782 under house bill of lading no. 2305BOS002 and master sea waybill no. MEDUU7313304.

10. However, prior to delivery, the Cargoes became both physically damaged, contaminated, and impaired in value by wetting and mold while in the care, custody, and control of MSC (and/or its agents, servants, and/or subcontractors).

11. Defendant MSC (and/or its agents, servants, and/or subcontractors) thus failed to deliver the Cargoes in the same good order and condition as they were received.

12. The damaged and nonsalable Cargoes were subsequently destroyed by disposal.

13. Pursuant to the ISO 6346 international standard, Defendant MSC has registered the shipping container prefix "MSDU" as one of its owner codes with the Bureau International des Containers et du Transport ("BIC").

14. At all times relevant hereto, Defendant MSC was the owner or principal operator of shipping container no. MSDU8697782 (the "Container").

15. As carrier, Defendant MSC owed a nondelegable duty to exercise due diligence to ensure that the Container was seaworthy and fit for the carriage of the Cargoes, and that it remained so throughout such carriage.

16. Defendant MSC also owed a duty as carrier to transport the Cargoes with reasonable dispatch to destination and to forego unreasonable deviations (whether through transshipment or otherwise) in the carriage thereof.

17. Upon information and belief, Defendant MSC breached its duties as carrier of the Cargoes by, *inter alia*, tendering a defective and/or unseaworthy container and/or failing to ensure that it was fit to protect the Cargoes throughout transit; by failing to proceed to destination with reasonable dispatch; and/or by unreasonably deviating during the voyage solely for its own convenience, thereby directly and proximately causing the Cargoes to be exposed to additional transit, meteorological, and/or environmental risks as well as an inordinate and unreasonable delay in their transport to destination.

18. By reason of the premises, Defendant MSC (and/or its agents, servants, and/or subcontractors, for whom Defendant MSC is responsible) breached its statutory, contractual, and/or common law duties and obligations as carrier and/or bailee of the Cargoes; breached the contract of carriage for the Cargoes; was negligent and careless in its handling and routing of the Cargoes; and otherwise is liable for the loss and damages described herein.

19. Pursuant to an insurance claim made under the Policy, and prior to the commencement of this action, Plaintiff Travelers reimbursed Nest for the loss or damage to the Cargoes, thereby becoming subrogated (to the extent of its payment) to Nest's rights, remedies, and claims for relief relating to the Cargoes, including those asserted against Defendant MSC herein.

20. Plaintiff Travelers brings this action on its own behalf and, as agent and trustee, on behalf of all parties who are or may become interested in the Cargoes, as their respective interests may ultimately appear, whether through subrogation or otherwise, and Plaintiff Travelers is entitled to maintain this action.

21. All obligations and conditions precedent to be performed by the shipper, consignee, and/or owner of the Cargoes, and/or Plaintiff Travelers as subrogee, have been performed, waived, or otherwise excused by MSC, including the payment of freight.

22. By reason of the premises, Plaintiff Travelers has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the amount of $56,594.81.

    WHEREFORE, Plaintiff prays:

       i.    that process be issued against Defendant MSC in due form of law according to the practice of this Honorable Court, citing it to appear and answer the foregoing;

      ii.    that judgment be entered against Defendant MSC in the amount of $56,594.81, together with costs and interest;

     iii.    for such other and further relief as this Honorable Court deems just and proper under the circumstances.

Dated: New York, New York
August 19, 2024

                    HILL RIVKINS LLP,
                    *Attorneys for Plaintiff*

By: /s/ Justin M. Heilig

Justin M. Heilig
45 Broadway, Suite 2110
New York, NY 10006
Tel: (212) 669-0600
Email: jheilig@hillrivkins.com

6